CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KIMBERLY HOPKINS (MABN 668608)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-6991
   kimberly.hopkins@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

U.S. RIGHT TO KNOW,

    Plaintiff,

  v.

U.S. DEPARTMENT OF ENERGY,

    Defendant.

Case No. 3:26-cv-3685-PHK

**DEFENDANT'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**ANSWER**

Defendant U.S. Department of Energy ("DOE" or "Defendant"), by and through the undersigned counsel, respectfully submits the following Answer to Plaintiff's Complaint ("Complaint") as follows.

**DEFENDANT'S RESPONSES TO THE NUMBERED PARAGRAPHS**

Defendant responds below to the separately numbered paragraphs and demand for relief contained in the Complaint.[1]  To the extent any allegation is not explicitly admitted herein, it is denied.  Moreover,

---

[1] The headings and numbered paragraphs of this Answer correspond to the headings and numbered paragraphs of the Complaint.  Defendant does not waive any defensive theory or agree to or admit that Plaintiff's headings are accurate, appropriate, or substantiated.  To the extent Plaintiff's headings could

to the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are (1) correctly cited or quoted by Plaintiff, (2) relevant to this or any other action, (3) admissible in this or any other action, or (4) substantively accurate.

\* \* \* \* \*

**INTRODUCTION**

1.   This paragraph consists of Plaintiff's characterization of this action and a legal conclusion, to which no response is required.  To the extent a response is required, Defendant admits only that Plaintiff brings this action pursuant to the FOIA.

2.   This paragraph consists of Plaintiff's characterization of the action and legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

3.   Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 3, and on that basis denies them.

4.   This paragraph consists of Plaintiff's characterization of this action and requests for relief, to which no response is required.  To the extent this paragraph is deemed to contain factual allegations, Defendant denies those allegations and denies that Plaintiff is entitled to any relief.

**JURISDICTION AND VENUE**

5.   The first two sentences of this paragraph consist of legal conclusions regarding jurisdiction, to which no response is required.  To the extent a response is required, Defendant admits that the Court has subject matter jurisdiction over FOIA claims subject to the terms and limitations of the FOIA.  The remainder of this paragraph consists of Plaintiff's characterization of itself, to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the remainder of this paragraph, and on that basis denies them.

---

be construed to contain factual allegations, those allegations are denied.

6. This paragraph consists of legal conclusions regarding jurisdiction, to which no response is required. To the extent a response is required, Defendant admits that the Court has subject matter jurisdiction over FOIA claims subject to the terms and limitations of the FOIA.

## INTRADISTRICT ASSIGNMENT

7. This paragraph consists of Plaintiff's legal conclusions regarding intradistrict assignment, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited provision and denies all allegations inconsistent therewith. With respect to the remaining allegations of this paragraph, Defendant lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies them.

8. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

9. Defendant lacks knowledge or information sufficient to form a belief about the allegations in this paragraph, and on that basis denies them.

10. This paragraph consists of Plaintiff's legal conclusions regarding intradistrict assignment, to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the allegations in this Paragraph.

## PARTIES

11. Defendant lacks knowledge or information sufficient to form a belief about the allegations in this paragraph, and on that basis denies them.

12. Defendant lacks knowledge or information sufficient to form a belief about the allegations in this paragraph, and on that basis denies them.

13. Defendant admits that it qualifies as an "agency" under the FOIA, that it is subject to the FOIA, and that it has possession and control over some records sought by Plaintiff. Except as expressly admitted, Defendant denies the allegations in this paragraph.

## LEGAL FRAMEWORK

14. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant

respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

15. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

16. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

17. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

18. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

19. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

20. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

21. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

22. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

23. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

24. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

25. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

26. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

27. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

28. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

29. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

30. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

31. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

32. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

33. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for

itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

34. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

<strong>STATEMENT OF OPERATIVE FACTS</strong>

35. This paragraph consists of Plaintiff's characterization of alleged background information. Defendant lacks knowledge or information sufficient to form a belief about the allegations in this paragraph, and on that basis denies them.

36. This paragraph consists of Plaintiff's characterization of alleged background information. Defendant lacks knowledge or information sufficient to form a belief about the allegations in this paragraph, and on that basis denies them.

37. This paragraph consists of Plaintiff's characterization of alleged background information. Defendant lacks knowledge or information sufficient to form a belief about the allegations in this paragraph, and on that basis denies them.

38. This paragraph consists of Plaintiff's characterization of alleged background information. Defendant lacks knowledge or information sufficient to form a belief about the allegations in this paragraph, and on that basis denies them.

<strong>FOIA Request #CH-2025-03169-F</strong>

39. Defendant admits that it received Plaintiff's FOIA request through email at FOIA-Central@hq.doe.gov, addressed to FOIA Request Center, U.S. Department of Energy, 1000 Independence Avenue, SW, Mail Stop MA-46, Washington D.C. 20585 on June 13, 2025. The remaining sentences consist of Plaintiff's characterization of its FOIA request and DOE regulations. The FOIA request and DOE regulations speak for themselves and are the best evidence of their contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA request and DOE regulations and denies all allegations inconsistent therewith.

40. This paragraph consists of Plaintiff's characterization of the FOIA request. The FOIA request speaks for itself and is the best evidence of its contents. To the extent any response is required,

Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

41.    This paragraph consists of Plaintiff's characterization of the FOIA request.  The FOIA request speaks for itself and is the best evidence of its contents.  To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

42.    This paragraph consists of Plaintiff's characterization of the FOIA request.  The FOIA request speaks for itself and is the best evidence of its contents.  To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

43.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

44.    Defendant admits that on June 27, 2025, not June 30, 2025, a DOE representative requested additional information via email from Plaintiff to clarify its status as a member of the news media. Defendant respectfully refers the Court to the email communication for the best evidence of its contents and denies all allegations inconsistent therewith.

45.    Defendant admits that it received an email from Plaintiff dated June 30, 2025, regarding its status as a member of the news media. Defendant respectfully refers the Court to the email for the best evidence of its contents and denies all allegations inconsistent therewith.

46.    Defendant admits that Plaintiff sent an email with a letter attached regarding its FOIA request on July 16, 2025.  The remainder of this paragraph consists of Plaintiff's characterization of the email.  The email speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

47.    Defendant denies the allegations in this paragraph and points to its November 2025 communications with Plaintiff.  The remainder of this paragraph consists of Plaintiff's characterization of the email.

48.    Defendant admits Plaintiff sent an email regarding its FOIA request on November 5, 2025. The remainder of this paragraph consists of Plaintiff's characterization of the email.  The email speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

49.    Defendant admits Plaintiff sent an email with a letter attached regarding its FOIA request

on November 5, 2025. The remainder of this paragraph consists of Plaintiff's characterization of the email. The email speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

50. Defendant admits a response via email was sent to Plaintiff's counsel on November 24, 2025. The remainder of this paragraph consists of Plaintiff's characterization of the email. The email speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

51. Defendant admits that Michelle Galbert corresponded with Plaintiff's counsel after November 24, 2025. The remainder of this paragraph consists of Plaintiff's characterization of the email. The email communication speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

52. This paragraph consists of Plaintiff's conclusion of law, to which no response is required. To the extent a response is required, defendant admits it has not yet provided Plaintiff with all responsive records to its request.

53. This paragraph consists of Plaintiff's conclusion of law, to which no response is required. To the extent a response is required, defendant admits it has not invoked the unusual circumstances exception.

54. This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

55. This paragraph consists of Plaintiff's conclusion of law, to which no response is required. To the extent a response is required, defendant admits it has not yet responded to Plaintiff's request for a fee waiver.

56. Defendant admits that it has not yet produced all records in response to the Request.

57. This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

58. This paragraph consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegation and on that basis denies the allegations in this paragraph.

**CAUSES OF ACTION**
**COUNT I**
**Violations of the Freedom of Information Act:**
**Failure to Provide Timely Final Determination**

59.     Defendant incorporates by reference its response to all preceding paragraphs as if fully set forth herein.

60.     This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

61.     This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

62.     This paragraph consists of Plaintiff's characterization of this action, to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

63.     This paragraph consists of Plaintiff's characterization of this action and conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

64.     This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegation and on that basis denies the allegations in this paragraph.

**COUNT II**
**Violation of the Freedom of Information Act:**
**Unlawful Withholding of Non-Exempt Public Records**

65.     Defendant incorporates by reference its response to all preceding paragraphs as if fully set forth herein.

66.     Defendant admits the allegations in the first sentence of this paragraph.  The remainder of this paragraph consists of Plaintiff's conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations in the remainder of this paragraph.

67.     This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

68.     This paragraph consists of Plaintiff's conclusions of law, to which no response is required.

To the extent a response is required, Defendant denies the allegations in this paragraph.

69. This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

70. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

71. This paragraph consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

72. This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## COUNT III
### Violation of the Freedom of Information Act:
### Failure to Timely Approve USRTK's Fee Waiver Requests

73. Defendant incorporates by reference its response to each allegation set forth above as if fully set forth herein.

74. Defendant admits the allegations in the first sentence of this paragraph. The remainder of this paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in the remainder of this paragraph.

75. In response to the first sentence, this consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the statements. The remainder of this Paragraph consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendant denies these allegations.

76. This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

77. This paragraph consists of Plaintiff's conclusions of law and requests for relief, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

/ / /

DEFENDANT'S ANSWER
3:26-cv-03685-PHK                    10

78.    This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

**COUNT IV**
**Violation of the Freedom of Information Act:**
**Failure to Provide Estimated Date of Completion**

79.    Defendant incorporates by reference its response to each allegation set forth above as if fully set forth herein.

80.    Defendant admits the allegations in the first sentence of this paragraph. The remainder of this paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in the remainder of this paragraph.

81.    Defendant admits receiving Plaintiff's July 16, 2025, email regarding Plaintiff's FOIA request. The remainder of this paragraph consists of Plaintiff's characterization of the email. The email speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied

82.    This paragraph consists of Plaintiff's conclusion of law, to which no response is required. To the extent a response is required, Defendant admits that it has not yet produced all records in response to the FOIA Request

83.    In response to the first sentence, this consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the statements. The remainder of this Paragraph consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendant denies these allegations.

84.    This paragraph consists of Plaintiff's conclusions of law and requests for relief, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

/ / /

/ / /

/ / /

DEFENDANT'S ANSWER
3:26-cv-03685-PHK                        11

**REQUEST FOR RELIEF**

The allegations in paragraphs 1 through 7 following the "THEREFORE" clause consist of Plaintiff's request for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever.

Defendant denies each and every allegation not specifically and expressly admitted herein.

**AFFIRMATIVE DEFENSES**

Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of this litigation, including any defenses available pursuant to Federal Rules of Civil Procedure 8 and 12.

**FIRST AFFIRMATIVE DEFENSE**

The Court lacks subject matter jurisdiction over any requested relief that exceeds the relief authorized by the FOIA.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims should be dismissed to the extent Plaintiff's FOIA request fails to reasonably describe the records sought or would be unduly burdensome to process.

**THIRD AFFIRMATIVE DEFENSE**

The Complaint should be dismissed to the extent it is based on a FOIA request for which Plaintiff failed to exhaust administrative remedies or to the extent it asserts claims that were not administratively exhausted.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendants' response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be

DEFENDANT'S ANSWER
3:26-cv-03685-PHK                                        12

required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to compel the production of records that are exempt from disclosure in whole, or in part, under the FOIA, 5 U.S.C. § 552b, and the Privacy Act, 5 U.S.C. § 552a.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff is neither eligible nor entitled to attorney's fees or costs.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that:

1.    Plaintiff takes nothing by its Complaint;

2.    Defendant has judgment entered against Plaintiff;

3.    Defendant be awarded its costs of suit; and

4.    For such other and further relief as the Court may deem proper.

DATED: June 22, 2026                              Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Kimberly E. Hopkins*
Kimberly E. Hopkins
Assistant United States Attorney

Attorneys for Defendant

DEFENDANT'S ANSWER
3:26-cv-03685-PHK                              13